IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DELBERT MCKELLIPS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:04-CR-154 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

A five-count Indictment was brought against Defendant on March 17, 2004, alleging (1) violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, knowingly and intentionally manufacturing methamphetamine a schedule II controlled substance, or aiding and abetting therein; (2) violation

---

[1]Docket No. 143.

of 21 U.S.C. § 841(c), knowingly and intentionally possessing a list I chemical, to wit: pseudoephedrine, with intent to manufacture a controlled substance; (3) violation of 21 U.S.C. § 841(c), knowingly and intentionally possessing a list I chemical, to wit: phosphorus, with intent to manufacture a controlled substance; (4) violation of 21 U.S.C. § 841(c), knowingly and intentionally possessing a list I chemical, to wit: iodine, with intent to manufacture a controlled substance; and (5) violation of 21 U.S.C. § 843(a)(6), knowingly and intentionally possessing equipment or materials knowing, intending, or having reasonable cause to believe that they would be used to manufacture a controlled substance.

On February 5, 2005, Defendant pleaded guilty to count one of the Indictment, namely knowingly and intentionally manufacturing methamphetamine a schedule II controlled substance, or aiding and abetting therein. Defendant was sentenced on May 9, 2005, to a period of 84 months in the custody of the Bureau of Prisons, to be followed by a 36-month term of supervised release. Defendant now moves to terminate that supervision. The government has not objected to the Motion.

Defendant has completed nearly 23 months of his 36-month term of supervised release. In his Motion, Defendant indicates that he has: (1) complied with all the requirements of supervised release; (2) successfully completed a drug treatment program and has passed all drug screening requirements; (3) obtained work within 60 days of being released from custody, remains in employment with the same company, and has recently been promoted to the position of supervisor; (4) recently purchased his first home; and (5) paid all fines associated with this

offense. Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release and is a model probationer.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 143) is GRANTED. It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

DATED   April 24, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge